WIENER, Circuit Judge,
specially concurring:
Although my concurrence in the foregoing opinion makes it unanimous, I write separately to address the elephant that I perceive in the corner of this room: actual innocence. Consistently repeating the mantra that, to date, the Supreme Court of the United States has never expressly recognized actual innocence as a basis for habeas corpus relief in a death penalty case, this court has uniformly rejected standalone claims of actual innocence as a constitutional ground for prohibiting imposition of the death penalty.[1] The Supreme Court has, however, made statements in *350 dicta which at least strongly signal that, under the right circumstances, it might add those capital defendants who are actually innocent to the list of persons who— like the insane,[2] the mentally retarded,[3] and the very young[4] — are constitutionally ineligible for the death penalty.[5]
I conceive the real possibility that the district court to which we return this case today could view the newly discovered medical expert reports as clear and convincing evidence that the victim in this case could not possibly have been killed by the defendant, yet find it impossible to force the actual-innocence camel through the eye of either the Giglio or the Strickland needle, and thus have no choice but to deny habeas relief to an actually innocent person. Should that prove to be so, this might be the very case for this court en banc — or the U.S. Supreme Court if we should demur — to recognize actual innocence as a ground for federal habeas relief.[6] To me, this question is a brooding omnipresence in capital habeas jurisprudence that has been left unanswered for too long.

. See, e.g., Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir.2003) (citing cases).

. See Ford v. Wainwright, 477 U.S. 399, 409-10, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).

. See Atkins v. Virginia, 536 U.S. 304, 321, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

. See Roper v. Simmons, 543 U.S. 551, 568, 125 S.Ct 1183, 161 L.Ed.2d 1 (2005) (holding that imposition of the death penalty on juvenile offenders under eighteen violates the Eighth Amendment).

. Herrera v. Collins, 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (“We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of ‘actual innocence’ made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim.’’); see House v. Bell, 547 U.S. 518, 554-55, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (emphasizing that Herrera “left open” the hypothetical possibility of a freestanding actual innocence claim); see also Herrera, 506 U.S. at 419, 113 S.Ct. 853 (O’Connor, J., concurring) (“I cannot disagree with the fundamental legal principle that executing the innocent is inconsistent with the Constitution.”); David v. Hall, 318 F.3d 343, 347-48 (1st Cir.2003) (“The actual innocence rubric ... has been firmly disallowed by the Supreme Court as an independent ground of habeas relief, save (possibly) in extraordinary circumstances in a capital case.”).

.The Second Circuit has noted the possibility that — in addition to the obvious Eighth Amendment concerns — the continued incarceration of an innocent person raises an "open and significant due process question.” See Triestman v. United States, 124 F.3d 361, 379 (2d Cir.1997). In that case, Judge Cala-bresi said:
The Supreme Court has stated that a procedural limitation is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. Concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system. It is certainly arguable, therefore, that the continued imprisonment of an actually innocent person would violate just such a fundamental principle.
Id. (internal quotation marks and citations omitted). Although, the Second Circuit did not restrict its analysis to the capital context, the Due Process issue only magnifies if we consider the execution of an actually innocent person.